## Case No. 4,265.

In re ECKENROTH.

[1 Cin. Law Bul. 206.]

District Court, S. D. Ohio. Aug. 3, 1876.

Sage & Hinkle, for Mrs. Robison.
Long, Kramer & Kramer, for assignee.

By F. Ball, register:
On the 29th of January. 1876, Mary H. Robison filed proof of her claim against the

estate of the bankrupt for two months and nine days' rent of the storehouse which he had held under lease from her, amounting to $766.67, and asserted a lien thereunder prior to all other liens, upon all the fixtures and furniture in the store, according to one of the covenants contained in said lease, which is as follows: "It is hereby further agreed that the upper stories of said building shall not be used for families to live in, except by the family of the lessee. It is further agreed that said lessor shall have a first lien prior to all others upon the safe, counters, show-cases and other furniture and fixtures that may be contained in the said store, or that may be placed therein by said lessee, for the payment of the rent above specified; and in case said rent shall not be paid as agreed by the lessee, then said furniture and fixtures shall become the property of said lessor, without process of sale thereof on execution or without other legal process. The lease was executed and acknowledged February 17, 1875, but was never recorded, either as a lease or a chattel mortgage. The term was for three years from April 1, 1875, at the rate of four thousand dollars per year. Possession was not taken by the lessee until May 1, 1875, and the fixtures and furniture were not placed upon the premises until after possession was taken. The lessee had a safe and some other things which he brought from his old store, but the residue, and by far the greater part of the furniture and fixtures, were newly made, and placed in the store after he took possession. On the 3d of August, 1875, Eckenroth made a bill of sale of the safe, eight marble-top counters, and other articles therein enumerated, to secure the rent then due, and which may thereafter become due; but this mortgage was never filed for record. The petition in bankruptcy was filed September 28, 1875. The property has been sold by the assignee, and, by agreement between the parties, the proceeds stand in the place thereof. On behalf of Mrs. Robison, it is claimed by counsel that the lease itself creates a valid lien upon the property; that the premises were leased on condition that the fixtures and furniture to be placed there should be security for the rents reserved, and that on the faith of such security she parted with value—namely, the use of her property for three years. I do not so construe the lease, nor the state of facts then existing. The lease is an ordinary one, and is made subject to no such condition, and the fixtures and furniture were not placed in the premises until more than a month after the term had commenced. The agreement for a lien is merely a covenant, closely following the covenant to pay rent and the other ordinary covenants. She parted with her property on the faith of the covenants in the lease, and gave possession under them.

It is also claimed on her behalf, that the chattel mortgage, although never recorded, is good between the parties, there being no actual fraud and no intervening mortgage or lien holder. Whatever exception to the effect of the statute relating to bills of sale, may have been made by the state courts in such a case, such exception is not applicable here, because this mortgage, as shown by the evidence, was given to secure a pre-existing debt, as well as installments of rent to become due, and having been made within two months prior to the filing of the petition in bankruptcy, it was an attempt to secure a preference in violation of the bankrupt act, and this is made void by section 5128 of the Revised Statutes (section 35). On the other hand it is claimed by counsel for the assignee that inasmuch as the lease was not recorded, the covenant to create a lien is not enforceable as against creditors who trusted the bankrupt on the faith of the property of which he was possessed, and there appears to be much force in the proposition. So far as it concerns the right of the tenant to occupy for the term, the lease although unrecorded, was a good license to enter, and the tenant on keeping his covenant, had a right to remain during the term. But the creditors had no means of knowing that an attempt had been made in the lease to create a continuing lien for the enormous rental of $333.33 per month. They had a right, from the appearance of the premises, and its furnishing and fixtures, to consider the bankrupt engaged in a prosperous business. To hold that covenant in the lease to be a valid chattel mortgage would, I think, be working injustice to them. But is there an equitable mortgage on the property, or any part of it, in favor of Mrs. Robison? The only thing of value existing at the date of the lease and which has come to the hands of the assignee, is the iron safe, which sold for $250. That article was seen by Mrs. Robison's agent, and was regarded as valuable. It was worth nearly the price of one month's rent, and was a thing not easily moved. The other articles were not then in existence, and were not introduced into the store until long after the term had commenced. I do not think that such other articles can upon any principles of equity be considered as subject to any lien in favor of Mrs. Robison, and in view of all the authorities cited by counsel on both sides, which I have carefully examined, I find an equitable lien in her favor for the proceeds of the safe, less its fair proportion of the expenses of sale, and award her $225 for its share of its proceeds, to be deducted from her claim, and permit her to receive dividends on the balance, in common with other unsecured creditors. I may add, that in my judgment the taking of the chattel mortgage, if not a waiver, is evidence, of an intention that she did not rely on the lease as a chattel mortgage.